JP:MLY

**M-09-227**

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - X   To be Filed Under Seal

UNITED STATES OF AMERICA                COMPLAINT AND AFFIDAVIT
                                        IN SUPPORT OF APPLICATION
    -against-                          FOR ARREST WARRANT

JERRY JOHNSON,                          (18 U.S.C. § 2250)

           Defendant.

- - - - - - - - - - - - - - - - - - X

EASTERN DISTRICT OF NEW YORK, SS.:

        David Rosen, being duly sworn, deposes and says that he is a Deputy United States Marshal with the United States Marshal Service ("USMS"), duly appointed according to law and acting as such.

        On or about and between July 23, 2008 and March 10, 2009, in the Eastern District of New York and elsewhere, the defendant JERRY JOHNSON, an individual required to register under the Sex Offender Registration and Notification Act who traveled in interstate commerce, did knowingly fail to register and update a registration as required by the Sex Offender Registration and Notification Act.

        (Title 18, United States Code, Section 2250)

2

The source of my information and the grounds for my belief are as follows:[1]

1. I am a Deputy United States Marshal with the USMS for the Eastern District of New York. I have been employed by the USMS for over twelve years. I am currently assigned to the New York/New Jersey Regional Fugitive Task Force. One of my responsibilities is to investigate crimes involving individuals who are convicted sex offenders and have failed to register as required by Title 18, United States Code, Section 2250, known as the Adam Walsh Child Protection and Safety Act of 2006 (the "Walsh Act").

2. I am familiar with the facts and circumstances of the instant case based on first-hand observations during the investigation, my review of documentary evidence obtained during the course of this investigation and discussions with other law enforcement agents.

STATUTORY AUTHORITY

3. This investigation concerns alleged violations of Title 18, United States Code, Section 2250 - certain activities relating to failing to register under the Sex Offender

---

[1] Because the purpose of this affidavit is merely to establish probable cause to arrest, I have not set forth all of the facts and circumstances concerning this investigation of which I am aware.

3

Registration and Notification Act. In relevant part, 18 U.S.C. § 2250 states:

> Whoever--
>
> > (1) is required to register under the Sex Offender Registration and Notification Act;
> >
> > (2) . . . (B) travels in interstate or foreign commerce . . . ; and
> >
> > (3) knowingly fails to register or update a registration as required by the Sex Offender Registration and Notification Act;
>
> shall be fined under this title or imprisoned not more than 10 years, or both.

4. Section 113 of the Walsh Act defines who is required to register under the Act:

> (A) In General - A sex offender shall register, and keep the registration current, in each jurisdiction where the offender resides, where the offender is an employee, and where the offender is a student. For initial registration purposes only, a sex offender shall also register in the jurisdiction in which convicted if such jurisdiction is different from the jurisdiction of residence. . . .
>
> (2) Keeping Registration Current - A sex offender shall, not later than 3 business days after each change of name, residence, employment or student status, appear in person in at least 1 jurisdiction involved pursuant to subsection (a) and inform that jurisdiction of all changes in the information required for that offender in the sex offender registry. . . .

5. Section 111 of the Walsh Act defines "Sex Offender" as:

> (1) Sex Offender - The term "sex offender" means an individual who was convicted of a sex offense.

The Act further defines "sex offense" as:

  (5) (A) . . . the term 'sex offense' means --
. . . (ii) a criminal offense that is a specified offense against a minor;. . .

  6. Section 111 of the Walsh Act defines a "specified offense against a minor" as "an offense against a minor that involves . . . (H) Criminal sexual conduct involving a minor, . . . [or] (I) Any conduct that by its nature is a sex offense against a minor." 42 U.S.C. §§ 16911(7)(H) and (I).

## STATEMENT OF FACTS

  7. I have been informed by law enforcement personnel in the state of Louisiana that on September 12, 1994, the defendant JERRY JOHNSON pleaded guilty to a charge of Indecent Behavior with a Juvenile in violation of LA. R.S. 14:80, which is a felony. JOHNSON was sentenced to five years of imprisonment and was released from custody on October 18, 1999. Documents indicate that JOHNSON was notified that, after his release from custody, he was required to register as a sex offender for ten years pursuant to Louisiana law, provided that during the ten year period he did not again become subject to the duty to register. JOHNSON failed to update his registration after July 23, 2008 and was deemed to not to be in compliance by the Calcasieu Parish Sheriff's Office in Louisiana.

  8. Since his release on October 12, 1999, JOHNSON has been arrested numerous times, including an arrest on February 6, 2003 in Louisiana for failure to register as a sex offender; on

5

April 13, 2005 in Louisiana for issuing worthless checks; and on November 6, 2007 in New York, under a Louisiana warrant, for failure to register as a sex offender. The November 6, 2007 arrest for failure to register led to a new custodial term in Louisiana. Upon release, the defendant signed a document acknowledged that "I have been informed that if I change residence to another state, I must notify in writing both the bureau and law enforcement agency designated for sex offender reporting under the laws of the state in which the new address is located."

        9. My investigation has discovered that the defendant JERRY JOHNSON has since obtained housing in Brooklyn through New York City's Urban Strategies Scatter Site Program ("Urban Strategies"). In March 2009, Urban Strategies personnel have confirmed that a man matching a picture of the defendant has been placed in 681 Flatbush Avenue, Apt. 3F, Brooklyn, New York 11226.

6

10. A check conducted with the New York State Sex Offender Registry confirmed that as of March 10, 2009, defendant JOHNSON had not registered as a sex offender in New York State.

WHEREFORE, Your Affiant respectfully requests that the Court issue an arrest warrant for the defendant JERRY JOHNSON, so that he may be dealt with according to law.

Deputy U.S. Marshal David Rosen
United States Marshal Service

Sworn to before me this
March 10, 2009

S/Bloom

UNITE               JUDGE
EASTE               ORK